### JOSEPH A. POZZONI *v.* ALEXANDER J. HENDERSON.

The amount received on a sheriff's sale of property, under execution against a judgment debtor, is not a proper standard of the value of the property, in an action by the true owner for trespass in taking the same.

A party who signs an indemnity bond, directing a levy on specific property, not belonging to the judgment debtor, is liable as a trespasser at the suit of the owner.

But where, on appeal from the Marine Court, it appeared that the defendant had executed an indemnity bond, but a copy thereof was not returned and the particular purpose for which it was given did not appear; it was *held*, that a judgment against the obligor could not be sustained.

Although the obligor acknowledge a bond to a person after it has been delivered, and request him to be a witness, his evidence is not competent to prove the execution, if there was a subscribing witness when the bond was originally executed.

Where there is evidence on both sides, the finding of a justice of the facts deemed proved, should not be disturbed.

SUIT in the Marine Court, for the value of 3,500 segars claimed by the plaintiff, levied upon and sold under an execution against the property of one Bartlett. The defendant was sought to be charged with the trespass, on the ground that he had executed, as surety, a bond of indemnity, given by the execution plaintiff to the sheriff, upon the latter declaring his intention to relinquish his levy. The instrument was described in the return, generally, as an "indemnity bond," but it was not annexed, and its tenor did not appear in the testimony.

To prove the execution of the bond, a witness testified that he called upon the defendant subsequently to the levy and sale, and that the latter acknowledged the signature, and requested him to be a witness. The defendant stated, that upon calling he asked to see the subscribing witness. With the exception of this intimation, there was nothing in the evidence showing whether originally there was a subscribing witness or not.

Upon the question of damages, the defendant claimed that the *quantum* was fixed by the amount which the property realized at the sheriff's sale. The court below rejected this standard, and adopted a sum named by the plaintiff's witnesses as the actual value.

The evidence was conflicting on the issue of the ownership of the property levied on, the plaintiff's case being that it was in the debtor's hands for sale on commission, and the defendant's, that he was a purchaser holding for his own account.

Judgment for plaintiff. The defendant appealed.

*Nathan A. Chedsey*, for the appellant.

*Frederick Frye*, for the respondent.

By THE COURT. INGRAHAM, FIRST J.—1. Whether or not the justice had formed a correct opinion upon the facts proven in this case is not for us to decide. There was evidence on both sides as to the ownership of the property, and although we might differ with the court below on the facts, we do not reverse for that cause.

2. The justice was correct in holding that the sheriff's sale was not the proper criterion of value. On the contrary, I doubt the propriety of admitting it in evidence at all. It can never be sanctioned as a correct rule, that a trespasser, who has improperly taken the property of a third person, and disposed of it at a forced sale, where it is not likely to bring the full value, may relieve himself from the trespass, by showing that the property brought a less price at auction, and more especially so, when there is testimony that the property so taken was of greater value. A trespasser is bound to pay the full value.

3. A subsequent acknowledgment of an instrument, after its execution and delivery, does not make the person to whom the acknowledgment is made, a subscribing witness, even with the consent of the obligor. But there is in this case no

evidence that there was a subscribing witness to it. The parties have not seen fit to furnish to the court a copy of the bond, and we are without means of deciding whether it had a witness to it or not.

4. For the same reason we have no means of deciding whether Henderson was liable or not. The defendant may have signed an indemnity bond, but for what purpose is not stated. Where the whole ground, on which the defendant is sought to be made liable, is, that he signed a bond authorizing the sheriff to levy on this property, evidence of such authority should be furnished by putting the bond in evidence.

Whether it was so or not, it is not in the return. Executing a bond providing for a levy upon this particular property would make the defendant a trespasser, (5 Denio, 92,) but not the mere fact of his executing an indemnity bond. The evidence, as presented to us on the appeal, is insufficient to sustain the judgment. It may be that the judgment should be sustained, if all the matters before the judge had been returned to this court. The return is now defective in the particulars before stated, and we think it proper that the case should stand over for a further return.

Ordered accordingly.